**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
DOUGLAS DEES,                    )    3:02-cv-00303-HDM-RAM
                                 )
            Plaintiff,           )
                                 )
vs.                              )    ORDER
                                 )
HELMUTH T. BILLY, GREGORY E.     )
GINN,                            )
                                 )
            Defendants.          )
_____)
```

Before the court is the plaintiff's motion to vacate the arbitration award (#69). Defendants have opposed (#71), and plaintiff has replied (#74).

This action stems from injuries allegedly suffered by plaintiff Douglas Dees ("plaintiff") after he underwent two surgeries performed by defendant Helmuth Billy ("Billy") in April 1998 and August 1998. (Pl. Compl. 2-3). Before consulting with Billy and obtaining treatment, plaintiff signed a document entitled

1

"Physician-Patient Arbitration Agreement." The agreement mandated arbitration for all claims that arose out of or related to treatment or service provided by the defendants, and provided that California law, including its one-year statute of limitations for medical malpractice claims, would apply to the arbitration proceedings. (*See* Pl. Mot. to Vacate Ex. 1).

Plaintiff discovered his injuries in March 1999, filed his claim with the Nevada Medical Screening Panel in February 2001, and filed his complaint in Nevada state court on April 17, 2002. (Pl. Compl. 3; Pl. Mot. to Vacate 1). On May 24, 2002, defendants Billy and Gregory Ginn (collectively "defendants") removed to federal court on the basis of diversity jurisdiction. They subsequently filed a motion to stay and compel arbitration, which plaintiff opposed primarily on the grounds that the arbitration agreement was an unenforceable contract of adhesion. The magistrate judge granted defendants' motion. In doing so, the magistrate found that California law, as provided for in the arbitration agreement, would apply before rejecting each of plaintiff's arguments in opposition.[1] (*See* Doc. #38). The plaintiff filed objections to the magistrate judge's order, and this court affirmed the order. After this court appointed a neutral third-party arbitrator, the arbitration proceedings commenced.

Once in arbitration, the defendants moved for summary judgment, arguing that plaintiff's complaint was untimely filed. Specifically, defendants argued that California law applied to the

---

[1] The magistrate found that the contract was neither adhesive nor unconscionable under California law because it complied with the safe harbor provisions of Cal. Code Civ. P. § 1295. He also found that the contract was neither adhesive nor unconscionable under Nevada law.

2

arbitration proceedings pursuant to the parties' agreement and the magistrate judge's order, that the California statute of limitations for filing a medical malpractice action was one year, and that plaintiff admitted he filed his complaint nearly two years after discovering his injuries.  Despite plaintiff's argument that applying California law was unconscionable and that the applicable two-year statute of limitations under Nevada law should govern, the arbitral panel held that it did not have the power to decide whether "it was adhering or unconscionable for the agreement to adopt the California time bar" because that question had been answered by this court when it found the agreement was neither unconscionable nor adhesive.[2]  Plaintiff now moves this court to vacate the arbitral decision on the grounds that the arbitrators exceeded their powers by failing to determine all questions submitted to them.

Pursuant to 9 U.S.C. § 10(a), the court may vacate an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[2] The panel analyzed *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2005) and *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) to conclude that the validity and enforceability of the arbitration agreement was exclusively for the federal court to decide so the panel did not have the power to review the court's decision.

3

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Federal court review of an arbitral decision is "highly deferential." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006). "[C]onfirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986). Arbitrators do not exceed their power by failing to understand or incorrectly applying the law, and an award must be upheld unless it is "completely irrational" or exhibits a "manifest disregard of the law." *Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir. 2003); *French*, 784 F.2d at 906. Manifest disregard requires a clear showing that "the arbitrators recognized the applicable law and then ignored it." *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004) (internal quotation marks and citation omitted).

California law is substantially similar to federal law in this regard. Under California law, "[i]t is well settled that 'arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.'" *Moncharsh v. Heily & Blase*, 832 P.2d 899, 916 (Cal. 1992). In general, the court may not review an arbitration award for legal or factual errors and will not review the validity of the arbitrators' reasoning. *Id.* at 900, 904. Judicial review is thus limited "to those cases in which there exists a statutory ground to vacate or correct the award." *Id.* at 915-16. California law provides for vacation of the award in relevant part where:

4

>     (4) The arbitrators exceeded their powers and the
>     award cannot be corrected without affecting the merits
>     of the decision upon the controversy submitted.
>
>     (5) The rights of the party were substantially
>     prejudiced . . . by other conduct of the arbitrators
>     contrary to the provisions of this title.

Cal. Code Civ. P. § 1286.2.

Plaintiff argues the arbitrators exceeded their powers by not entering a final award that addressed each issue submitted for decision. Specifically, plaintiff argues that he submitted two questions to the panel that were not addressed by the arbitrators: (1) whether the purported choice-of-foreign-law provision was ever intended to operate as a choice-of-foreign-law clause for the arbitration proceedings in the first instance; and (2) even if it was, whether the provision was void for unconscionability under either or both Nevada or California law. While plaintiff frames his argument as an assertion that the arbitrators exceeded their powers by failing to fully consider the questions posed to them, it is clear from the briefs that his real disagreement is with the arbitrators' legal conclusions. Essentially, plaintiff objects to the arbitrators' determination that Supreme Court and Ninth Circuit law compelled the conclusion that the district court had already determined the choice-of-law issue and that they had no power to review the decision.

The law is clear that the court may not review the arbitral award for legal error unless it is "completely irrational" or "exhibits a manifest disregard of the law." The decision of the arbitrators is neither irrational nor does it manifest a disregard of the law. First, the panel carefully considered Supreme Court

5

and Ninth Circuit decisions before determining it could not decide the choice-of-law issue urged by the plaintiff.  Even if the panel's conclusion in this regard was in error, the award may not be vacated on that basis.  Second, the plaintiff's claim that the choice-of-law provision was unconscionable and adhesive was predicated on the identical facts raised by the plaintiff and rejected by this court when it determined that the arbitration agreement as a whole was not unconscionable and adhesive. Therefore, the panel's decision was not irrational or contrary to law.

   Plaintiff also asserts that arbitrators may exceed their powers if they fail to decide all issues presented to them.  The authorities cited by plaintiff do not support vacation of the award in this case.  While arbitrators can exceed their powers where they fail to conduct proceedings according to the parties' contract, *Western Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 262 (9th Cir. 1992), the plaintiff has not identified any obligations imposed by the agreement that the arbitrators neglected to fulfill.  And while it is true that awards must "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy," Cal. Code Civ. P. § 1283.4, the two allegedly unanswered questions were not necessary to decide the controversy. Once the panel had determined that it could not review the court's finding that the agreement was valid, and that this finding covered the choice-of-law provision within the agreement, it was unnecessary to explicitly determine whether the choice-of-law provision was unconscionable or was intended to operate in the

6

instant case.  In short, these issues were implicitly resolved by the panel's decision.  *See Baringa v Cox*, 2007 WL 184687, at *11 (D. Or. Jan. 12, 2007) (slip copy) (finding arbitrators did not exceed their powers by failing to address a statute of limitations argument that they had implicitly rejected).  And finally, while *Rodrigues v. Keller*, 113 Cal. App. 3d 838 (1980) acknowledges that failure to conclusively decide all questions submitted to the panel might be a basis for overturning the award, it also states that "the failure of an arbitrator to make a finding on even an express claim does not invalidate the award so long as the award 'serves to settle the entire controversy.'"  *Id.* at 843.  Here, although plaintiff presented two questions to the arbitrators, the entire controversy was settled with the panel's decision that California law applied and that plaintiff's claim was time barred under the California statute of limitations.

    Therefore, plaintiff's motion to vacate the arbitration award (#69) is denied.  The clerk of the court shall enter judgment accordingly.

    DATED: This 24th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE

7