UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| DOUGLAS DEES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:02-cv-00303-HDM-WGC |
| | ) | |
| vs. | ) | |
| | ) | MINUTES OF COURT |
| HELMUTH T. BILLY, M.D., | ) | |
| | ) | |
| Defendant. | ) | May 10, 2012 |

**PROCEEDINGS:**   MOTIONS HEARING

**PRESENT:**
<u>THE HONORABLE HOWARD D. McKIBBEN, SENIOR U.S. DISTRICT JUDGE</u>

**Deputy Clerk:**  <u>Paris Rich</u>     **Reporter:**  <u>Kathryn French                        </u>

**Counsel for Plaintiff:**  <u>Carl Hebert, Esq.  (Telephonically)                        </u>

**Counsel for Defendant:**  <u>Patricia Daehnke, Esq. (Telephonically)            </u>

At 9:00 a.m., the Court convenes.

Carl Hebert, Esq., is present telephonically on behalf of the Plaintiff Douglas Dees.

Patricia Daehnke, Esq., is present telephonically on behalf of Defendant Helmuth T. Billy, M.D.

The Court addresses [183] Order regarding the dismissal of Gregory E. Ginn, M.D.  **IT IS ORDERED, the caption of this action shall be modified to reflect Helmuth T. Billy, M.D., as the sole Defendant in this matter.  IT IS SO ORDERED.**

The Court addresses [126] Defendant's Renewed Motion to Determine Choice of Law.  The Court recites statements.  **IT IS ORDERED, the Court RESERVES on [126] Motion until evidence is presented at the time of Trial.  IT IS SO ORDERED.**

The Court hears arguments of counsel and recites findings with orders to the following Motions in Limine:

**IT IS ORDERED, as to [135] Defendant's Motion in Limine #1 Re: Expert Testimony, the Motion is GRANTED in that the parties will be held to a standard of reasonable degree of medical probability.**

DEES v. BILLY, M.D.  May 10, 2012
Case No. 3:02-cv-00303-HDM-WGC  Page 2 of 3

---

**IT IS ORDERED**, as to [143] Defendant's Motion in Limine #2 Re: Evidence of Other Claims, the Motion is **GRANTED**.

**IT IS ORDERED**, as to [136] Defendant's Motion in Limine #3 Re: Evidence of, or References to, Liability Insurance, the Motion is **GRANTED**.

**IT IS ORDERED**, as to [134] Defendant's Motion in Limine #4 to Preclude Evidence, Claims, Contentions, Witnesses, or Opinions Not Previously Disclosed in the Discovery Process, the Motion is **GRANTED IN PART and DENIED IN PART** as follows:

> As to Paragraph A, regarding the expert testimony of Dr. Fishman, the Motion is **GRANTED**.
>
> As to Paragraphs B and C, regarding the expert testimony of Dr. Bogdasarian, the Motion is **GRANTED**.
>
> As to Paragraph D, regarding the evidence of Plaintiff's lost wages and earning capacity, the Motion is **GRANTED**.
>
> As to Paragraph E, regarding audio evidence of Plaintiff's voice, the Motion is **DENIED**.

**IT IS ORDERED**, as to [137] Defendant's Motion in Limine #5 to Exclude Reference to the Relative Wealth of the Parties, the Motion is **GRANTED**.

**IT IS ORDERED**, as to [138] Defendant's Motion in Limine #6 Re: Excluding Lay Witnesses from the Courtroom, the Motion is **GRANTED** <u>with the exception of the Plaintiff's wife Sequeta Dees</u>.

**IT IS ORDERED**, as to [141] Defendant's Motion in Limine #7 Re: Separate Hearing Prior to Entry of Judgment to Reduce Any Damages for Expenses by the Amount Covered by the Collateral Source, the Court **RESERVES** on [141] Motion until a jury verdict is returned.

**IT IS ORDERED**, as to [139] Defendant's Motion in Limine #8 Re: Exclusion of Medical Publications, Treatises, and Texts, the Motion is **DENIED** without prejudice. **IT IS FURTHER ORDERED**, if the issue is raised again at the time of Trial, the Court will further address at that time.

**IT IS ORDERED**, as to [140] Defendant's Motion in Limine #9 Re: Excluding Testimony Relating to Medical Matters by Lay Witnesses, the Motion is **GRANTED**.

**IT IS ORDERED**, as to [145] Defendant's Motion in Limine #10 to Preclude Testimony that Gregory Ginn, M.D. Breached the Standard of Care, the Motion is **DENIED** as moot.

**IT IS ORDERED, as to [144] Defendant's Motion in Limine #11 to Preclude Noel Fishman, M.D.'s Testimony Regarding the Size of the Tumor Based on His Review of Pathology Slides, the Court RESERVES on [144] Motion.  IT IS FURTHER ORDERED, neither party shall make any reference in the opening statements regarding the measurement of the size of the tumor with respect to Dr. Fishman's testimony.  At the appropriate point, counsel shall request a brief sidebar conference, or recess from the jury, and the Court will then determine whether there exists any prejudicial issue.**

**IT IS ORDERED, as to [142] Defendant's Motion in Limine #13 Re: Applicability of California Civil Code 3333.1 and 3333.2 as well as California Code of Civil Procedure 667.7, the Court RESERVES on [142] Motion.**

The Court addresses the issue of admissibility of screening panel determination in the event Nevada law applies.  The Court and counsel confer.  The Court further addresses the jury instructions on limit on non-economic damages, error in judgment, and assumption of risk.

Mr. Hebert confirms an offer has been made to Defendant, and the Plaintiff remains willing to negotiate.  Ms. Daehnke states the parties do not appear close as to any settlement.

Mr. Hebert recites oral motion for leave to file Plaintiff's Objections to Defendant's Proposed Supplemental Jury Instructions this date.  **IT IS ORDERED, the Plaintiff's oral motion for leave is GRANTED.**

Ms. Daehnke addresses the previously submitted joint jury instruction as to the screening panel.

Ms. Daehnke inquires as to clarification regarding the previous order regarding assumption of risk.  The Court restates the order.  The Court and counsel further confer regarding the issues of consent forms and assumption of risk.

The Court sets forth procedures on jury selection, voir dire, trial sequence, prospective juror list, and scheduled witnesses.  The Court and counsel confer.

**IT IS ORDERED, Jury Trial shall commence on Monday, May 14, 2012 at 8:30 a.m. in Reno Courtroom 4 before Judge Howard D. McKibben.**

At 9:41 a.m., the Court adjourns.

                                                            LANCE S. WILSON, CLERK

                                                        By: /s/ Paris Rich
                                                              Deputy Clerk